ORIGINAL

FILED *lcff 3 724§*
GREAT FALLS DIV. OK #15967
'06 MAY 11  AM 11 24 # 350
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

J. David Slovak
Tom L. Lewis
LEWIS, SLOVAK & KOVACICH, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
(406) 761-5805 - fax

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JERROLD G. COOLEY, JOLEE COOLEY, MICHAEL J. COOLEY, and KAILEY COOLEY, ) ) ) ) | Cause No. CV-06-75-M-DWM |
| Plaintiffs, ) ) | |
| vs. ) ) | **COMPLAINT AND JURY DEMAND** |
| CITY OF MISSOULA, CITY OF MISSOULA POLICE DEPARTMENT, MISSOULA COUNTY, MISSOULA COUNTY SHERIFF'S DEPARTMENT, CHIEF WICKMAN, OFFICER McCARTHY, OFFICER SERBA, SERGEANT RICHARDSON, SHERIFF McMEEKIN, DEPUTY MEEDER, DEPUTY WHITE, DEPUTY STINEFORD,and DOES A-Z. ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, and state law, for

violation of Plaintiffs' federal and state constitutional, statutory, and common law rights. For

their complaint against the Defendants, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.   Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this civil action because some of the claims arise under the Constitution and laws of the United States. The Court likewise has jurisdiction under 28 U.S.C. § 1343 as Plaintiffs seek redress for the deprivation (under color of state law, statute, ordinance, regulation, custom, or usage) of their rights, privileges, and immunities secured by the Constitution of the United States and/or Acts of Congress.

2.   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims as they are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

3.   On November 29, 2005, Plaintiffs filed Administrative Claims against the Defendants pursuant to § 2-9-301(3), MCA. Defendants failed to issue a final disposition within 120 days, thereby authorizing Plaintiffs to proceed with filing the present action.

4.   Venue is proper in the United States District Court for the District of Montana, Missoula Division, because all of the acts and omissions alleged herein occurred within the District of Montana, more specifically Missoula County, Montana, and one or more of the Defendants reside in the same.

## PARTIES

5.   Plaintiffs Jerrold Cooley, Jolee Cooley, and Kailey Cooley are, and were at all times relevant hereto, citizens of the United States and residents of Missoula, Missoula County, Montana.

6.     Michael Cooley is, and was at all times relevant hereto, a citizen of the United States and resident of Missoula, Missoula County, Montana, currently attending college in Moses Lake, Washington.

7.     Defendants City of Missoula (hereinafter "City") and Missoula County (hereinafter "County") are political subdivisions organized and existing under the laws of the State of Montana.

8.     Defendants City of Missoula Police Department (hereinafter "Police Department") and Missoula County Sheriff's Department (hereinafter "Sheriff's Department) are law enforcement agencies of the City and County.

9.     Defendants Missoula County Sheriff McMeekin and Missoula City Police Chief Wickman are believed to have been, at all times relevant hereto, residents of the State of Montana and duly appointed (or elected) and acting peace officers of the City, County, Police Department, and/or Sheriff's Department. Said Defendants are being sued in their individual and official capacities.

10.    Defendants Officer McCarthy, Officer Serba, Sergeant Richardson, Deputy Meeder, Deputy White, and Deputy Stineford are believed to have been, at all times relevant hereto, residents of the State of Montana and duly appointed and acting peace officers of the City, County, Police Department, and/or Sheriff's Department. Said Defendants are being sued in their individual and official capacities.

11.    The true names and capacities of the Defendants named herein as Does A-Z, Inclusive, are unknown to Plaintiffs. Plaintiffs therefore bring this action against said Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint

and Jury Demand to state the true names and capacities of Does A-Z when the same have been ascertained, together with further appropriate charging allegations. Plaintiffs are informed and believe, and thereon allege that each of the fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein, and that Plaintiffs' damages as herein alleged may have been proximately caused by said Defendants' unlawful acts or omissions. Defendants Does A-Z, Inclusive, are natural persons, peace officers, corporations, partnerships, joint ventures, governmental entities, political subdivisions, or other legal entities that may be legally liable for Plaintiffs' injuries and damages as hereinafter alleged.

12.     Each and every act, error, and/or omission attributable to the individual Defendants herein was committed within the scope of their duties of employment with the City, County, Police Department, and/or Sheriff's Department. Each and every act, error, and/or omission attributable to the individual Defendants is thus imputable to the City, County, Police Department, and/or Sheriff's Department. Each political subdivision herein is legally responsible to provide indemnification to the individual Defendants, and to pay all damages awarded herein, including punitive damages, in accordance with § 2-9-305, MCA.

## GENERAL ALLEGATIONS

13.     Plaintiffs hereby incorporate paragraphs 1-12 set forth above.

14.     On October 15, 2005, following a family birthday dinner at El Cazador South in Missoula, Montana, Plaintiffs and husband and wife Jerrold and Jolee Cooley boarded

the family GMC pick up truck with their children, Plaintiffs Michael and Kailey Cooley, to return to the family's residence.

15. At all times pertinent here, Plaintiffs acted lawfully and committed no act that would give rise to a lawful investigatory stop, search, seizure, or otherwise justify an invasion and violation of their constitutional, statutory, and common law rights.

16. Approximately two blocks from Plaintiffs' home, a law enforcement patrol vehicle approached from behind with its overhead lights on. Jerrold Cooley properly stopped his vehicle and waited for the officer to make contact. Additional law enforcement officers arrived at the scene shortly thereafter, at which time a "high risk" stop and investigation was initiated by the officers.

17. Using a loud speaker, an officer instructed Jerrold Cooley to exit the vehicle with his hands overhead and lift the collar of his shirt so they could visually inspect his waistband. At this juncture, Jerrold identified himself as a federal probation officer. With their guns drawn and pointed at Jerrold, the officers told him to "shut up" and instructed him to walk backwards toward their voices. Jerrold again identified himself as a federal probation officer, whereby the officers again barked at him to "shut up." The officers ultimately handcuffed Jerrold and placed him face down in the gravel. Jerrold witnessed three officers pointing guns at him in a "ready alert" position. As he again identified himself and inquired as to the reason for the stop and restraint, Jerrold was repeatedly ordered to "shut up."

18. The officers proceeded to instruct Michael Cooley in similar fashion. Jerrold advised his son to do exactly what the officers said, whereby Jerrold was again threatened to

"shut up." Michael had recently undergone shoulder surgery. As such, Jerrold and Michael requested that he be handcuffed in front of his body. The officers refused this request, electing to cuff Michael's arms behind his back, and forcibly placing him face down in the gravel. Michael writhed in pain while Jerrold again attempted to communicate with the officers. With their guns trained on Jerrold and Michael, the officers repeatedly ordered Jerrold to "shut up." The officers maintained the appearance of lethal force and failed to de-escalate despite the removal of any perceived threat.

19.    The officers next instructed Jolee and Kailey Cooley to one-by-one exit the vehicle in similar fashion. Jolee and Kailey were then handcuffed, restrained, and forcibly placed into separate patrol cars.

20.    The officers then conducted a search of the Cooley vehicle. The officers found nothing linking any of the occupants to a previously attempted and reported purse snatching. Finally, after determining that Plaintiffs had nothing to do with the purse snatching, the officers released Plaintiffs from custody.

21.    During the ensuing discussion, an unmanned patrol car that has been negligently left in gear and/or not properly secured, rolled forward and rammed into the family's vehicle, resulting in significant property damage to the pick up truck.

22.    At all times pertinent hereto, Plaintiffs were innocent of any wrongdoing, unarmed, and lawfully engaging in peaceful activities.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983)

23.     Plaintiffs hereby incorporate paragraphs 1-22 set forth above.

24.     The Fourth Amendment to the United States Constitution grants all United States citizens the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

25.     The Fourteenth Amendment to the United States Constitution grants all United States citizens the right to be free from deprivations of life, liberty, or property without due process of law.

### (Officer McCarthy, Officer Serba, Sergeant Richardson, Deputy Meeder, Deputy White, and Deputy Stineford)

26.     On October 15, 2005, Defendants, acting under color of state law, deprived Plaintiffs' of their rights prescribed by the Fourth and Fourteenth Amendments to the United States Constitution.

27.     On October 15, 2005, Defendants, acting under color of state law, used excessive force to (1) detain Plaintiffs without probable cause or legal justification, (2) restrain Plaintiffs' liberty by means of physical force and/or show of authority, and (3) search Plaintiffs' persons and effects.

28.     The nature of the alleged crime did not merit the unlawful search and seizure and/or excessive use of force. At no time did Plaintiffs pose a threat to the safety of the officers or others, actively resist arrest, or attempt to evade arrest by flight. The

officers' search, seizure, and use of excessive force was not objectively reasonable under the facts and circumstances confronting them.

29. During the unlawful search, seizure, and use of excessive force, Defendants acted with gross negligence, amounting to deliberate indifference to Plaintiffs' safety and well being and established constitutional rights.

30. Defendants' conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known.

### (Chief Wickman and Sheriff McMeekin)

31. Defendants Wickman and McMeekin set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which they knew or reasonably should have known would cause others to violate Plaintiffs' constitutional rights.

32. Defendants Wickman and McMeekin personally participated in the deprivation of Plaintiffs' constitutional rights or caused such deprivations to occur; enacted or ratified policies that resulted in the deprivation of Plaintiffs' constitutional rights; failed to properly train, supervise, and/or control law enforcement personnel which resulted in the deprivation of Plaintiffs' constitutional rights; and subsequently ratified such actionable conduct.

33. Defendants Wickman and McMeekin acquiesced to the constitutional deprivations and/or exhibited a reckless or callous indifference to Plaintiffs' rights. Defendants Wickman and McMeekin knowingly refused to terminate the acts resulting in the constitutional deprivations.

COMPLAINT AND JURY DEMAND - 8

34.   Defendants Wickman and McMeekin failure to properly investigate and punish historical constitutional deprivations encouraging a culture of illegal searches, excessive use of force, and other constitutional deprivations. Such failures amounted to deliberate indifference to Plaintiffs' constitutional rights.

35.   The unlawful actions were set in motion by Defendants Wickman and McMeekin's actions and their actions and or inactions caused and/or contributed to the constitutional deprivations at issue.

36.   Defendants Wickman and McMeekin's conduct or inaction amounted to deliberate indifference to Plaintiffs' constitutional rights. The constitutional deprivations were affirmatively linked to the acts or omissions of said Defendants.

37.   Defendants Wickman and McMeekin's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known.

**(City of Missoula, City of Missoula Police Department,**

**Missoula County, Missoula County Sheriff's Department)**

38.   The City, Police Department, County, and Sheriff's Department established policies that caused the violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

39.   The Defendants' committed the unlawful actions and constitutional deprivations pursuant to policy statements, ordinances, regulations, customs, standard operating procedures, or official decisions adopted and/or promulgated by the officers/officials of the City, Police Department, County, and Sheriff's Department.

40.     It is the policy, practice, and/or custom of the City, Police Department, County, and
        Sheriff's Department to negligently hire, employ, and retain law enforcement officers.
        The negligent hiring, employment, and retention amounted to deliberate indifference
        to the rights of persons with whom law enforcement officers under their employ would
        come into contact with, including Plaintiffs.

41.     The City, Police Department, County, and Sheriff's Department were deliberately
        indifferent to and acted in conscious disregard for the need to train, supervise, and
        discipline law enforcement officers employed by them with respect to, *inter alia*,
        initiating and conducting investigatory stops, illegal searches, corroborating
        information relayed by citizen complaints, and the use of force.

42.     The policies adopted by the City, Police Department, County, and Sheriff's
        Department regarding training, supervision, and discipline amounted to deliberate
        indifference to Plaintiffs' constitutional rights.

43.     The individual(s) who violated Plaintiffs' constitutional rights was an official with final
        policy-making authority. Thus, the constitutional violations constituted acts of official
        governmental policies.

44.     Through the policies, ordinances, regulations, customs, or official decisions, the City,
        Police Department, County, and Sheriff's Department endorsed unreasonable
        searches and seizures and application of excessive force by its law enforcement
        officers. Law enforcement officers employed by the City, Police Department, County,
        and Sheriff's Department, through custom and usage, engage(d) in persistent and
        widespread discriminatory practices that acquire the force of law.

**COMPLAINT AND JURY DEMAND - 10**

45.     The City, Police Department, County, and Sheriff's Department employed a policy of inaction or acquiescence relative to law enforcement misconduct which amounted to a failure to protect Plaintiffs' constitutional rights. The inaction amounted to deliberate indifference as the connection between the need for more or different training, supervision, and/or discipline and the likely constitutional deprivations were obvious.

46.     The City, Police Department, County, and Sheriff's Department policies, ordinances, regulations, customs, or official decisions were the moving force behind Plaintiffs' constitutional violations.

47.     Each of the foregoing acts and/or omissions (¶¶ 12-46), including the unlawful seizures, detentions, and excessive use of force, directly and proximately caused and/or contributed to Plaintiffs' constitutional deprivations, injuries, and damages.

### SECOND CAUSE OF ACTION

### (Violation of Plaintiffs' Rights Under the Montana Constitution)

48.     Plaintiffs hereby incorporate paragraphs 1-47 set forth above.

49.     Plaintiffs have the following fundamental, inalienable rights under Montana's Constitution: the right to enjoy and defend their lives and liberties and seek safety, health, and happiness in all lawful ways (Article II, Section 3); the right to human dignity (Article II, Section 4); the right to individual privacy (Article II, Section 10); the right to be secure in their persons, papers, homes, and effects from unreasonable searches and seizures (Article II, Section 11); the right not to be deprived of life, liberty, or property without due process of law (Article II, Section 17); and the right to be free from cruel and unusual punishment (Article II, Section 22).

COMPLAINT AND JURY DEMAND - 11

50. Defendants' acts and omissions on, and leading up to, October 15, 2005, violated Plaintiffs' aforementioned constitutional rights.

51. Plaintiffs have the right to certain unenumerated rights, including but not limited to, the right to seek recourse against those who violate Plaintiffs' aforementioned constitutional rights (Article II, Section 34); and the right to full legal redress (Article II, Section 16).

52. As a direct and proximate result of the violation of Plaintiffs' constitutional rights under the Montana Constitution, Plaintiffs suffered injury to their persons and property, resulting in damages described in greater detail below, to which they are entitled to full legal recourse and redress.

## THIRD CAUSE OF ACTION

### (Negligence)

53. Plaintiffs hereby incorporate paragraphs 1-52 set forth above.

54. Defendants owed Plaintiffs a duty of safety and care while engaged in the practice of maintaining the peace. In carrying out their functions as law enforcement officers and entities, Defendants had to observe Plaintiffs' constitutional, statutory, and common law rights.

55. Defendants violated Plaintiffs' constitutional, statutory, and common law rights and breached the duties owed as described more particularly herein. The violations accrued, in part, as a result of Defendants' negligent: investigation and investigatory stop; faulty reliance on a citizen complaint; search and seizure; use of excessive force; negligent training, supervision, and discipline; enactment, enforcement, and violation

of law enforcement policies and procedures; violation of Plaintiffs' constitutional, statutory, and common law rights; and negligent performance of official duties.

56.    As a direct and proximate result of Defendants' negligence, Plaintiffs suffered injury to their persons and property, resulting in damages described in greater detail below.

## FOURTH CAUSE OF ACTION

### (False Imprisonment)

57.    Plaintiffs hereby incorporate paragraphs 1-56 set forth above.

58.    Defendants unlawfully restrained Plaintiffs against their will, resulting in the deprivation of Plaintiffs' liberty of movement or freedom to remain in the place of their lawful choice.

59.    As a direct and proximate result of their false imprisonment, Plaintiffs suffered injury to their persons and property, resulting in damages described in greater detail below.

## FIFTH CAUSE OF ACTION

### (Assault and Battery)

60.    Plaintiffs hereby incorporate paragraphs 1-59 set forth above.

61.    Defendants intended such harmful or offensive contact with Plaintiffs' persons, or an imminent apprehension of such contact. Defendants' actions resulted in harmful or offensive contact with Plaintiffs' persons and/or an apprehension of such contact. Defendants use of force exceeded that reasonably necessary to effectuate the investigatory stop.

62.     Plaintiffs suffered injuries and damages as a direct and proximate result of the harmful and offensive contact, and/or apprehension thereof, as described in greater detail below.

### SIXTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

63.     Plaintiffs hereby incorporate paragraphs 1-62 set forth above.

64.     The negligent acts and omissions of Defendants caused serious or severe emotional distress to Plaintiffs. Plaintiffs' serious or severe emotional distress was a reasonably foreseeable consequence of Defendants' acts and omissions.

65.     As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs suffered damages on account of their serious or severe emotional distress.

### SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

66.     Plaintiffs hereby incorporate paragraphs 1-65 set forth above.

67.     The intentional act and omissions of Defendants caused serious or severe emotional distress to Plaintiffs. Plaintiffs' serious or severe emotional distress was a reasonably foreseeable consequence of Defendants' acts and omissions.

68.     As a direct and proximate result of Defendants' intentional acts and omissions, Plaintiffs suffered damages on account of their serious or severe emotional distress.

### EIGHTH CAUSE OF ACTION

### (Malicious Acts or Omissions)

69.     Plaintiffs hereby incorporate paragraphs 1-68 set forth above.

COMPLAINT AND JURY DEMAND - 14

70.    Plaintiffs' damages as herein alleged were caused by Defendants' malicious acts or omissions.

71.    Defendants knew of facts or intentionally disregarded facts that created a high probability of injury to Plaintiffs.  Defendants deliberately proceeded to act with indifference to the high probability of injury to Plaintiffs.

72.    As a direct and proximate result of Defendants' intentional and malicious acts or omissions, Plaintiffs suffered damages as described in greater detail below.

## NINTH CAUSE OF ACTION

### (Acting in Concert)

73.    Plaintiffs hereby incorporate paragraphs 1-72 set forth above.

74.    At all times pertinent hereto, the Defendants committed tortious acts, in concert with one another, in violation of Plaintiffs' constitutional, statutory, and common law rights.

75.    The Defendants, acting in concert, joined together to violate Plaintiffs' constitutional, statutory, and common law rights and encouraged the violations by participating therein, thus further aiding and abetting such tortious acts.

76.    The Defendants knew that the other participants' actions breached duties owed to Plaintiffs' and violated Plaintiffs' constitutional, statutory, and common law rights. Despite this knowledge, Defendants continued to offer substantial assistance or encouragement to the other participating tortfeasors.

77.    As a direct and proximate result of Defendants' concerted acts, Plaintiffs suffered damages as described in greater detail below.

78.    Defendants are jointly and severally liable for Plaintiffs' damages.

COMPLAINT AND JURY DEMAND - 15

## COMPENSATORY DAMAGES

79. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered violations of their constitutional rights as set forth herein.

80. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered physical and mental pain and injuries, incurred medical expenses, and may incur future medical expenses.

81. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered serious or severe emotional distress.

82. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered from fright, humiliation, disgrace, embarrassment, impairment of reputation and standing in the community, and injury to character.

83. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered injury to property.

84. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered a loss of their established course of life.

## PUNITIVE DAMAGES

85. Plaintiffs have filed this cause of action against the law enforcement Defendants in their individual and official capacities.

86. At all times pertinent hereto: (1) Defendants exhibited a reckless or callous disregard for Plaintiffs' constitutional, statutory, and common law rights, (2) Defendants intentionally violated federal law, and/or (3) Defendants' conduct was precipitated by

evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 U.S.C. § 1983.

87.    Defendants' unlawful acts and omissions were willful and/or reckless. Defendants deliberately proceeded to act with indifference to the high probability of injury. Such conduct justifies imposition of punitive damages, under §§ 27-1-220 and -221, MCA, in a sufficient amount to punish Defendants and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by these Defendants is unacceptable in our society and will not be tolerated.

## ATTORNEY FEES

88.    42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce a provision of [§ 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." Plaintiffs have brought this cause of action, in part, under 42 U.S.C. § 1983. Accordingly, Plaintiffs may recover attorney fees incurred in prosecuting this cause of action pursuant to 42 U.S.C. § 1988.

89.    Under Montana law, Plaintiffs may recover attorney fees incurred herein pursuant to the private attorney general doctrine as (1) Plaintiffs seek to vindicate strong and socially important public policy, (2) Plaintiffs will incur substantial burden given the necessity for private enforcement of this action, and (3) a large volume of people stand to benefit from Plaintiffs' efforts. See *Montanans for Responsible Use of School Trust v. State ex rel. Bd. of Land Comm'rs*, 1999 MT 263, 296 Mont. 402, 989 P.2d 800.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against the Defendants as follows:

1.    Damages in a reasonable amount to fully compensate Plaintiffs for deprivation of constitutional rights;

2.    Damages in a reasonable amount to fully compensate Plaintiffs for any past and future medical expenses;

3.    Damages in a reasonable amount to fully compensate Plaintiffs for their past and future physical and mental pain and suffering;

4.    Damages in a reasonable amount to fully compensate Plaintiffs for their past and future emotional distress.

5.    Damages in a reasonable amount to fully compensate Plaintiffs for the loss of their established course and way of life;

6.    Damages in a reasonable amount to fully compensate Plaintiffs for their humiliation, loss of reputation and community standing, and injury to character;

7.    Damages in a reasonable amount to fully compensate Plaintiffs for their injury to and lost use of property;

8.    Punitive damages in a sufficient manner to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

9.    Attorney fees pursuant to 42 U.S.C. § 1988;

10.    Attorney fees pursuant to the private attorney general doctrine;

11.    Plaintiffs' costs, and disbursements incurred herein; and

12.    Such other and further relief as the Court deems just and proper.

DATED this $\underline{11^{th}}$ day of May, 2006.

LEWIS, SLOVAK & KOVACICH, P.C.

By: _____
    J. David Slovak
    Tom L. Lewis
    P.O. Box 2325
    Great Falls, MT 59403
    Attorneys for Plaintiffs

25

Thu May 11 11:10:30 2006

UNITED STATES DISTRICT COURT

MISSOULA        , MT

Receipt No.    400 37249
Cashier        rew

Check Number:  15867

DO Code    Div No
4646        4

Sub Acct Type Tender      Amount
1:510000   N      2       190.00
2:086900   N      2        60.00
3:086400   N      2       100.00

Total Amount          $    350.00

FILING FEE FOR NEW MSLA DIV CASE CV-06-0
75-M-DWM

COOLEY VS CITY OF MSLA BY CNSL LEWIS, SL
OVAK & KOVACICH

Thu May 11 11:10:30 2006

                    Check No.  15867

Amount$   350.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4646

℀JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

CV-06-75-M-DWM

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Jerrold G. Cooley, Jolee Cooley, Michael J. Cooley, and Kailey Cooley

**DEFENDANTS**

City of Missoula, City of Missoula Police Department, Missoula County, Missoula County Sheriff's Department, et al.

**(b)**  County of Residence of First Listed Plaintiff    Missoula County, MT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Missoula County, MT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Tom L. Lewis, J. David Slovak, LEWIS, SLOVAK & KOVACICH, P.C.,
P.O. Box 2325, Great Falls, MT 59403; 406-761-5595

Attorneys (If Known)

Charles E. McNeil;  William L. Crowley;  Brendan J. Rohan

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|                                                      | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                                | ☒ 1 | ☒ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                             | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country           | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC §§ 1983, 1988

Brief description of cause:
Federal civil rights claim and pendent State law claims

## VII. REQUESTED IN
COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
$ 3,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE  N/A

DOCKET NUMBER

DATE
05/11/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE